IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,766






EX PARTE ERNEST LEE TILLMAN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 897528-A IN THE 177
TH JUDICIAL DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated robbery and was
sentenced by the trial court to thirty years' imprisonment. 

 Applicant contends that his counsel rendered ineffective assistance because he failed to correctly
advise Applicant of his appellate rights or timely file a notice of appeal. When this Court first considered
Applicant's claim, it denied relief on the basis that Applicant had been admonished that if the punishment
assessed did not exceed the agreement between Applicant and the prosecutor, the trial court would not
give Applicant permission to appeal any matter in the case except for matters raised by written motions
filed and ruled upon prior to entering the plea. Furthermore, trial counsel submitted an affidavit in response
to Applicant's writ, in which counsel stated that he advised Applicant that he would have no right of appeal
if he pleaded guilty to this charge. However, upon re-examination of the record, it is clear that Applicant
did not plead guilty pursuant to a plea agreement, but entered an open plea to the trial court. Trial counsel
also stated in his affidavit that Applicant asked him immediately after sentencing whether he could appeal,
and counsel told him that he could not appeal. Applicant's question to counsel was sufficient to indicate
that he desired to appeal after the sentence had been assessed. However, counsel, incorrectly believing
that Applicant had waived his right to appeal by pleading guilty, did not discuss appellate options with
Applicant or inform him of the 30-day deadline for filing a notice of appeal. 

 We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time appeal of the
judgment of conviction in Cause No. 897528 from the 177th Judicial District Court of Harris County. 
Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may
then, with the aid of counsel, obtain a meaningful appeal. All time limits shall be calculated as if the sentence
had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant
desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial
court within 30 days after the mandate of this Court issues.

 

Delivered: September 12, 2007

Do Not Publish